UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MERITAGE HOMEOWNERS'
ASSOCIATION,

                Plaintiff,

v.

OCWEN LOAN SERVICING, LLC., a
Delaware limited liability company, and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a federally chartered private
corporation,

                Defendants.

6:15-CV-1628-TC

FINDINGS & RECOMMENDATION AND
ORDER

COFFIN, Magistrate Judge:

Presently before the court are plaintiff's motion for partial summary judgment and plaintiff's subsequent motion to take judicial notice of additional authority in support of plaintiff's motion for partial summary judgment.

The underlying dispute in this action arose out of the purchase of a town home unit in Newport, Oregon that was obtained by Joseph and Carmen Meeko with a loan. Defendant Federal National

Page 1 - FINDINGS & RECOMMENDATION AND ORDER

Mortgage Association (Fannie Mae) bought and owns the loan.[1]

The large windows in the unit had major leaks and Joseph and Carlos Meekos declared bankruptcy. The Bankruptcy Court conveyed exclusive title of the unit to Fannie Mae as of November 17, 2014 and divested the Meekos of title.

Plaintiff home owner association seeks to impose liability for nonpayment of HOA assessments and fees in its Sixth Claim For Relief in the present action. Plaintiff moves for judgment as a matter of law on such claim for liability for dues and assessments incurred as an owner under the Planned Community Act. Under ORS 94.712, " [a]n owner shall be personally liable for all assessments ... assessed against the owner's lot by the homeowner's association." This liability is statutory without regard to fault.[2] Plaintiff asserts that it only seeks HOA fees and assessments that arose after defendant Fannie Mae had exclusive ownership and not before such time.

The Opinion and Order that plaintiff has moved this court to take judicial notice of denied Fannie Mae's appeal of the Bankruptcy Court plan that vested title of the unit with Fannie Mae. See Motion #51 and Opinion and Order attached thereto. The motion states that Fannie Mae opposed the motion to take judicial notice upon conferral by the parties. However, Fannie Mae has not filed an opposition to the motion to take judicial notice and the motion is appropriate and granted.

---

[1] Defendant OCWEN Loan Servicing is Fannie Mae's loan servicer for the loan.

[2] Plaintiff does not move for summary judgment on its other claims which are based on either equity or fault.

Page 2 - FINDINGS & RECOMMENDATION AND ORDER

## STANDARDS

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

Page 3 - FINDINGS & RECOMMENDATION AND ORDER

## DISCUSSION

As set forth above, Fannie Mae has been judicially declared to be the owner of the unit in question as of November 17, 2014 in both the Bankruptcy Court and then in the District Court after the specific ruling of the Bankruptcy Court was challenged by Fannie Mae. As such, Fannie Mae is liable under the Planned Community Act for the payment of HOA assessments and fees incurred as the owner of the unit during the period of its ownership that started on November 17, 2014.

However, Fannie Mae argues that plaintiff's opening brief for its motion

> fails to provide any evidence or argument opposing Fannie Mae's affirmative defenses, such as defenses alleging that (1) the HOA failed to reasonably mitigate its alleged damages; (2) all damages sustained by the HOA are the result of a superseding or intervening cause and/or the fault of another; (3) there is comparative fault; (4) the HOA is not the real party in interest; (5) the HOA has unclean hands; (6) the HOA has appropriately mediated this matter as required under ORS 94.630(4); (7) the HOA cannot assess Fannie Mae for fees and assessments that were discharged in the Meeko's bankruptcy; (8) forcing Fannie Mae to pay for the repairs requested and any other alleged damages would be economically wasteful; and (9) Fannie Mae is entitled to a set off for any amounts Fannie Mae proves are owed to it by the HOA pursuant to its counterclaims against the HOA.

P. 14 of Fannie Mae's Opposition (#37).

I reject Fannie Mae's assertion of a defense that plaintiff has not satisfied its obligation to mediate under ORS 94.630 (4), (item 6 above), as the parties mediated on August 3, 2015 before Judge Dunn. Freitag Suppl. Declaration, Exh. 9) .

But the remainder of the items listed above by Fannie Mae are disputed and directed at equitable or fault based issues, the amount of damages, and other matters that may be applicable to the statutory

Page 4 - FINDINGS & RECOMMENDATION AND ORDER

liability the Planned Community Act mandates for an owner (such as whether the HOA is assessing Fannie Mae unpaid past due amounts from prior owners). Although plaintiff, in its reply brief, contends that it is only seeking the payment of HOA regular assessments and fees incurred by Fannie Mae during its ownership (beginning November 17, 2014) and estimated at approximately $26,000, the amount is not ascertainable with certitude from the briefing before the court.

Moreover, beyond the aforementioned HOA assessments and fees, the plaintiff is seeking assessed penalties, (including cost of repair), of approximately $223,732.88 associated with the defective windows that need to be replaced in the unit that the Bankruptcy Court conveyed to Fannie Mae (which Order was affirmed by the District Court). Those penalties are disputed and are subject to various remaining affirmative defenses by Fannie Mae that have yet to be the subject of discovery or trial. Thus, the "defective window" damages and assessments are not amenable to summary judgment disposition at this time, and it would be more prudent and efficient to refrain from any monetary judgment until any and all damages are determined.

## CONCLUSION

Plaintiff's motion (#51) to take judicial notice of additional authority is allowed.

Plaintiff's motion (#23) for partial summary judgment should be allowed to the extent Fannie Mae should be declared to be the owner of the unit at issue in this case as of November 17, 2014.

Page 5 - FINDINGS & RECOMMENDATION AND ORDER

The motion should be denied as to the amount of dues, assessments, and penalties, if any, that are owed to plaintiff as issue of fact remain on plaintiff's claim for damages (and a fuller record would be helpful in determining these matters) .

DATED this 5th day of May, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - FINDINGS & RECOMMENDATION AND ORDER